Filed 6/29/16  P. v. Leach CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>ERICA LYNN LEACH,<br><br>   Defendant and Appellant. | C080051<br><br>(Super. Ct. Nos.<br>CM041594 & CM040367) |

   In case No. CM041594, defendant Erica Lynn Leach entered a no contest plea to theft from an elder or dependent adult.  (Pen. Code, § 368, subd. (d)(1).)[1]  The court dismissed the remaining count (grand theft) with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  In case No. CM040367, defendant entered a no contest plea to forgery (§ 470, subd. (d)), reduced to a misdemeanor on the People's motion.  The court dismissed the remaining counts (identity theft & misdemeanor grand theft) with a *Harvey*

---

[1]  Undesignated statutory references are to the Penal Code.

1

waiver.  The court also dismissed case No. CM040958 with a *Harvey* waiver.[2]  The court sentenced defendant to county prison for the upper term of four years for elder theft and a concurrent one-year term for misdemeanor forgery.

Defendant appeals.  She contends the trial court erroneously relied on certain aggravating factors, that is, the vulnerability of the victim and that defendant took advantage of a position of trust.  As she claimed in the trial court, she argues these factors are elements of the offense of elder theft.  We find no error.  Defendant also contends that the trial court imposed an unauthorized fine under section 672.  We conclude that the fine was authorized under the offense statute, section 368, subdivision (d)(1), and will modify the judgment to reflect the proper code section.  As modified, we will affirm the judgment.

FACTS

Defendant was a home care provider for Alice H., an elderly woman.  Alice's son set up a bank account, gave Alice a bank card with the personal identification number (PIN) written on a piece of paper, and put them in Alice's wallet.  Alice would give defendant the bank card with a list of items to purchase.  Defendant also "organized" Alice's jewelry.  Several insured pieces were missing.  In January and February 2013, defendant stole $12,500 worth of property from Alice (case No. CM041594).

In August 2013, defendant took a wallet from her neighbor and tried to use the debit card to obtain cash from an automated teller machine (ATM).  Defendant used the card to make a purchase at two locations, one of which was a fast food restaurant ($34) where defendant signed the neighbor's name (case No. CM040958).

---

[2]  In case No. CM040958, defendant was charged with failure to appear with a special allegation (§ 12022.1) after she failed to appear for further arraignment in case No. CM040367.

The probation officer recommended that the court deny probation and impose the upper term for elder theft (case No. CM040367). In recommending denial of probation, the probation officer cited defendant's minimization of her criminal behavior during the probation interview; defendant's lack of remorse; defendant's failure to take responsibility in that she "blamed her predicament on her drug and alcohol use and the desire to please her husband"; defendant's lack of sincerity in expressing her ambitions; defendant was an active participant; the circumstances of the crime were more egregious when compared to other instances, noting Alice was elderly and needed extra supervision of a care provider; defendant took advantage of a position of trust, stealing $12,500 worth of property in a short period of time; defendant's crimes were increasingly serious, having been previously convicted in 2003 of a theft-related offense; defendant's inability to comply with terms and conditions of probation given her "nomadic lifestyle, history of alcohol and substance abuse, lack of family ties, and sporadic employment"; and defendant posed a danger to others if not imprisoned. In recommending the upper term, the probation officer cited the victim's vulnerability; the monetary loss which exceeded $12,000; the crime indicated planning in that defendant targeted elderly victims, gained their trust, and then stole from them; defendant took advantage of a position of trust; and defendant's crimes were increasingly serious. The probation officer noted in mitigation that defendant had completed two previous grants of probation in Minnesota. In recounting the investigation, the probation officer noted that the daughter of another elderly victim reported that during defendant's care, there were purchases for fuel for a vehicle but the victim did not own a vehicle. Defendant's own relative turned defendant in after defendant's husband (the relative's cousin) accused defendant of stealing from her elderly clients and storing some of the stolen property at the relative's house. Alice's son recovered some of Alice's paintings and jewelry from the relative's house.

Defense counsel filed a statement in mitigation and sought a grant of probation based on defendant's lack of a prior felony record (two prior misdemeanor convictions).

3

Defense counsel argued that defendant had entered a plea at an early stage of the proceedings and, contrary to the probation officer's recommendation, defendant was remorseful. Defense counsel noted that defendant had applied for a residential treatment program for her substance abuse problem. Defense counsel argued, "It goes without saying that a person convicted of Section 368[, subdivision] (d), of the Penal Code, theft from an elder or dependent adult, means that the victim is particularly vulnerable. Also, when the theft is committed by someone whom the elder or dependent adult trusts, the defendant, like Ms. Leach, has taken advantage of a position of trust." Defense counsel acknowledged that there was great monetary loss. He argued that the theft was "not carried out with a great deal of sophistication."

At sentencing, the court stated it had read and considered the probation report, various letters, and defendant's statement in mitigation, and intended to deny probation and impose the upper term in county prison with no mandatory supervision. The People agreed.

Defense counsel opposed the intended sentence, citing defendant's lack of prior felony convictions. He disagreed with the probation officer's comment that defendant minimized her criminal behavior and lacked remorse, noting that defendant had prepared a written statement reflecting that she was remorseful and that she was seeking treatment to address her addictive problems, thus taking responsibility. Defense counsel disagreed with the probation officer's listing of the factor that defendant was an active participant, noting "that would pretty much make everybody inappropriate for probation." Defense counsel also disagreed with the probation officer's statement that defendant's crimes were more egregious when compared to incidents of the same crime, stating simply that it was "not true." With respect to defendant's conviction of theft from an elder, defense counsel stated that by the nature of the offense, "unfortunately that means that she has taken advantage of someone who is extremely vulnerable" and "took advantage of a position of trust because she was a caregiver to the victim" which again, "given the

4

nature of this crime it's really endemic to the very charge itself." Although the amount of the victim's losses was "a sizable amount," defense counsel stated that he had seen greater amounts in theft and fraud cases. Defense counsel took issue with the probation officer's evaluation that defendant's crimes were increasing in seriousness (although acknowledging defendant had a misdemeanor conviction in 2003) and with probation's comment that defendant's willingness to comply with probation was suspect because of her nomadic lifestyle (suggesting that would violate defendant's rights to equal protection & to associate). Defense counsel also noted that defendant had entered her pleas at an early stage of the proceedings. He argued for drug treatment.

The prosecutor opposed probation, noting that defendant had previously completed drug treatment but had a pending driving under the influence charge in Minnesota. The prosecutor argued that defendant's offenses involved a certain amount of sophistication, took "incredible" advantage of the situation with Alice, making her "much more vulnerable than just the fact that she was elderly but that she was dependent on the defendant for her care." The prosecutor argued that defendant abused her position of trust.

Defense counsel responded that although defendant had relapsed after previous treatment for her addiction, it did not mean she would never be able to resolve her addiction problem.

The trial court denied probation, citing the vulnerability of the victims, defendant was an active participant in the crimes, the manner in which the crimes were committed demonstrated criminal sophistication, defendant took advantage of a position of trust or confidence to commit the crimes, and the likelihood that if not imprisoned, defendant would be a danger to others. For elder theft, the court imposed the upper term, finding the factors in aggravation outweighed those in mitigation. In aggravation, the court found that Alice was "particularly" vulnerable, the manner in which the crime was carried out indicated planning, and defendant took advantage of a position of trust or

5

confidence.  In mitigation, the court found defendant's prior performance on probation was satisfactory.  In denying mandatory supervision, the court noted that defendant did not have family ties in California and had expressed her desire to leave the state.

DISCUSSION

I

Defendant contends the trial court erred in imposing the upper term for elder theft in that it found in aggravation that the victim was vulnerable and defendant took advantage of a position of trust, both of which, she argues, are elements of the offense. We do not find any error.

"The elder abuse law is intended to provide special protection for elder adults, whose advanced age may render them particularly susceptible to criminal opportunists." (*People v. Eastburn* (2010) 189 Cal.App.4th 1501, 1506, fn. omitted.)  "The Legislature finds and declares that crimes against elders and dependent adults are deserving of special consideration and protection, not unlike the special protections provided for minor children, because elders and dependent adults may be confused, on various medications, mentally or physically impaired, or incompetent, and therefore less able to protect themselves, to understand or report criminal conduct, or to testify in court proceedings on their own behalf."  (§ 368, subd. (a).)  An elder is defined as someone who is "65 years of age or older."  (§ 368, subd. (g).)  A dependent adult is a person who is "between the ages of 18 and 64, who has physical or mental limitations which restrict his or her ability to carry out normal activities or to protect his or her rights, including, but not limited to, persons who have physical or developmental disabilities or whose physical or mental abilities have diminished because of age."  (§ 368, subd. (h).)

Section 368 provides, in relevant part, as follows:

"(d)  Any person who is not a caretaker who violates any provision of law proscribing theft, embezzlement, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information

6

of an elder or a dependent adult, and who knows or reasonably should know that the victim is an elder or a dependent adult, is punishable. . . ."

"A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term." (Cal. Rules of Court, rule 4.420(d).)

The elements of a violation of section 368, subdivision (d) are: defendant committed theft, embezzlement, forgery, fraud, or identity theft; the property taken or personal identifying information used was owned by or that of an elder or dependent adult; the property, goods, or services obtained was worth more than $950; and defendant knew or reasonably should have known that the owner of the property or person to whom the identifying information belonged was an elder or dependent adult. (CALCRIM No. 1807.)

Defendant was charged with and convicted of violating section 368, subdivision (d), that is, a theft-related offense by a person who is not a caretaker against an elder or dependent adult. It was *not* alleged that defendant was a caretaker. Alice was described as "an elder *and* dependent adult." (Italics added.) Alice's age does not appear in the record.

The trial court found that Alice H. was "particularly" vulnerable. Defendant states that she "does not argue that no elderly or dependent adult could ever be particularly vulnerable, but that the facts of this case do not support that [Alice] was particularly vulnerable." We disagree.

" 'As used in the context of [California Rules of Court,] rule 4.421(a)(3), a "particularly vulnerable" victim is one who is vulnerable "in a special or unusual degree, to an extent greater than in other cases. Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act. . . ." [Citation.]' [Citation.]" (*People v. Esquibel* (2008) 166 Cal.App.4th 539, 558.)

"[A]ggravating a sentence due to 'particular vulnerability,' where vulnerability is based *solely* on age, is improper when age is an element of the offense. [Citations.]

7

However, 'particular vulnerability' is determined in light of the 'total milieu in which the commission of the crime occurred. . . .' [Citation.]" (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694 [discussing the young age of the victim of child molestation], disapproved on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.)

A particularly vulnerable victim of elder theft would be someone who is more vulnerable than a victim of elder theft in other cases. Here, the trial court did not expressly state what facts it relied upon to make the finding that Alice was "particularly" vulnerable but it did not cite the victim's age at all, let alone as the sole basis for the finding. The record reflects that Alice was described as both elderly and dependent in that her mental abilities were diminished. Not all elderly people have diminished mental abilities. But here, Alice's son had to write down Alice's PIN on a piece of paper for her to keep in her wallet with her bank card. Defendant admitted that she knew that Alice was unable to remember things. Defendant stole numerous pieces of jewelry and paintings from Alice who did not realize her loss until defendant's relative turned defendant in to the police. Using Alice's bank card, defendant often purchased more than what was on Alice's grocery list without Alice recognizing what defendant was doing. The trial court did not err in finding that Alice was "particularly" vulnerable based on her age as well as her need for help and supervision due to her diminished mental abilities.

Defendant contends the trial court erred in finding that defendant took advantage of a position of trust or confidence to commit the offense. Defendant argues that a position of trust is an essential element of the crime of elder theft by a caretaker or a noncaretaker. (§ 368, subds. (d), (e).) Defendant argues that abuse of a position of trust must be more than the normal abuse that is an element of the offense of elder theft. She claims the record reflects that she worked with Alice for about two months and there is not any evidence that she provided any special treatment to Alice. We conclude that a position of trust is not an essential element of defendant's crime.

8

A **caretaker** means "any person who has the care, custody, or control of, or who stands *in a position of trust* with, an elder or a dependent adult."  (§ 368, subd. (i), italics added.)  A **noncaretaker** means any person who is not a caretaker who commits a theft-related offense against an elder or dependent adult and knows or reasonably should know that the victim is an elder or dependent adult.  (§ 368, subd. (d).)

In arguing that a noncaretaker is in a position of trust just like a caretaker, defendant discusses legislative history (the statement of the bill's author, the assembly's comment, & the legislative counsel's digest), which we do not consider where, as here, the statutory language is not ambiguous.  " 'Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law.  [Citation.]  In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning.  If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs.  [Citation.]' [Citation.]  Thus, '[o]nly when the language of a statute is susceptible to more than one reasonable construction is it appropriate to turn to extrinsic aids, including the legislative history of the measure, to ascertain its meaning.' [Citation.]"  (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 220.)

Defendant was hired to be a home care provider.  Defendant was convicted of elder theft by a noncaretaker.  (§ 368, subd. (d).)  Being a caretaker is not an element of the offense of which defendant was convicted; thus, defendant did not stand "in a position of trust."  (§ 368, subd. (i).)

As previously discussed, defendant was a criminal opportunist and took advantage of Alice's diminished mental abilities when defendant was hired to help supervise Alice who depended on defendant to do so.  Defendant committed her offense over two months and was able to steal over $12,000 worth of property (paintings, jewelry, & money).  The trial court properly cited in aggravation the fact that defendant took advantage of a position of trust.

Moreover, the court also found that the manner in which the crime was carried out indicated planning and demonstrated criminal sophistication. Defendant does not challenge this factor on appeal. Defendant stole Alice's jewelry and pawned it. When defendant withdrew money from Alice's bank account for Alice, defendant admitted taking extra money for herself without Alice's knowledge or consent. Defendant recognized that Alice's mental abilities were diminished. Defendant committed her offense over a two-month period of time and most likely would have continued had she not been reported to the police by her own relative. A single instance of stealing one piece of insured jewelry would most likely have been sufficient to support defendant's conviction. Here, defendant's offense was much worse, having taken other jewelry, paintings, and money from Alice's bank account, amounting to several acts over the two-month period.

We conclude that the trial court did not err in imposing the upper term for elder theft.

II

For elder theft in case No. CM041594, the trial court imposed an $850 fine pursuant to section 672.[3] Because a felony violation of section 368, subdivision (d)(1) specifies a fine up to $10,000 for the offense, defendant argues section 672 is inapplicable.[4] The People respond that defendant did not object to the trial court's reliance upon an improper statute so the issue is forfeited.

---

[3] Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

[4] Section 368, subdivision (d)(1) sets forth the punishment: "By a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not

10

The fine was authorized under section 368, subdivision (d)(1); the fine was thus not authorized under section 672. Had either counsel objected, the trial court would have undoubtedly cited the proper statutory authority. We will order the judgment modified to set forth the proper statutory authority for the fine.

DISPOSITION

The judgment in case No. CM041594 is modified to provide that the proper statutory authority for the $850 fine is section 368, subdivision (d)(1), rather than section 672. The trial court is directed to prepare an amended abstract of judgment accordingly and to forward a certified copy to the county prison. As modified, the judgment is affirmed.

    /s/                       

Blease, Acting P. J.

We concur:


    /s/                   

Duarte, J.


    /s/                   

Hoch, J.

---

exceeding one year, or by both that fine and imprisonment, or by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding nine hundred fifty dollars ($950)."